UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
**GILBERTO CASTRO, JR.,**

        **Plaintiff,**

  -against-

**EVANS LAW ASSOCIATES, P.C.,**

        **Defendant.**
------------------------------------------------------------x

**1:16-cv-2135**
**COMPLAINT**

The plaintiff GILBERTO CASTRO, by his attorneys Mallon Consumer Law Group PLLC, as and for his complaint against the defendant EVANS LAW ASSOCIATES, P.C. alleges as follows, upon information and belief:

## PRELIMINARY STATEMENT

1. This is an action for actual and statutory and statutory attorney's fees brought pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"), and the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq*. ("TCPA").

## JURISDICTION AND VENUE

2. The jurisdiction of this Court is conferred by 15 U.S.C. § 1692k and 47 U.S.C. § 227(b)(3). Venue is properly laid pursuant to 28 U.S.C. § 1391(b).

## PARTIES

3. The plaintiff is an individual residing in New York and a "consumer" within the meaning of the FDCPA.

4. Evans Law Associates, P.C. ("Evans Law Associates") is a New York law firm and professional corporation, and a "debt collector" as defined by the FDCPA.

## FACTUAL BACKGROUND

5. On July 17, 2015 at 10:07 am, defendant called plaintiff's cellular telephone using an automated telephone dialing system ("ATDS") and left a voicemail message. In this voicemail message, defendant did not identify that it was a debt collector, that it was attempting to collect a debt, or that any information obtained would be used for that purpose.

6. Later on July 17, 2015 at 1:14 pm, defendant called plaintiff's cellular telephone using an ATDS and left a voicemail message with an artificial or prerecorded voice. The contents of this message were, "This is Evans Law Associates. Please return our message promptly at (716) 362-1543."

7. On or around July 17, 2015, defendant called plaintiff's sister's cellular telephone using an ATDS two times and left voicemail messages.

8. Plaintiff called defendant on July 17 to find out why it was calling him and his sister. Plaintiff spoke with defendant during two or three phone calls on July 17.

9. During the phone calls, defendant told plaintiff that he owed about $1,900 to HSBC Bank USA, National Association ("HSBC") for an account opened in 2009 and closed in 2010.

10. During the phone calls, Plaintiff asked for validation of this debt. Defendant told plaintiff it would not send validation.

11. Defendant told plaintiff that if he did not make a payment arrangement with defendant, defendant would "take you [him] to Court."

12. Plaintiff has never had an account with HSBC. No debt from HSBC appears on plaintiff's credit reports. Plaintiff called HSBC, and HSBC had no records of an account held by the plaintiff.

13. Plaintiff never provided defendant with his cellular telephone number.

14. Plaintiff does not know how defendant obtained his cellular telephone number.

15. On July 20, 2015, Defendant sent plaintiff a letter attempting to collect this debt. It stated that the debt at issue was originated by HSBC, and that the total balance was $1,977.60. The letter was addressed to both "Gilbert Castro Jr." and "Gilberto Castro Jr."

16. Defendant continued to call plaintiff's cellular telephone using an ATDS. From July 17, 2015 until February 16, 2016, defendant called plaintiff 22 times using an ATDS.

17. During 19 of these calls, defendant left a voicemail message with an artificial or prerecorded voice. The contents of this message were, "This is Evans Law Associates. Please return our message promptly at (716) 362-1543."

18. None of the defendant's calls to plaintiff were made for an emergency purpose.

19. Plaintiff never provided prior, express consent to defendant to call his cellular telephone using an ATDS or to leave a prerecorded message on his cellular telephone.

20. The ATDS used by the defendant has the capacity to store or produce telephone numbers to make calls using a random or sequential number generator.

## FIRST CAUSE OF ACTION
VIOLATION OF THE FDCPA

21. The plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

22. The plaintiff is a "consumer" as that term is used in 15 U.S.C. § 1692a(3).

23. Defendant is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

24. The alleged debt underlying the plaintiff's complaint is a "debt" within the meaning of 15 U.S.C. § 1692a(5).

25. Defendant violated 15 U.S.C. § 1692e(11) by not disclosing, in its initial communication

with the plaintiff, that it was attempting to collect a debt and that any information obtained would be used for that purpose.

26. Defendant violated 15 U.S.C. § 1692e(11) by not disclosing, in each subsequent voice mail communication with the plaintiff, that the communication was from a debt collector.

27. Defendant violated 15 U.S.C. § 1692e(5) by threatening to sue the plaintiff, an action that the defendant did not intend to take.

28. Defendant violated 15 U.S.C. §§ 1692e(2)(A) and 1692f(1) by repeatedly attempting to collect a debt from the plaintiff which he did not owe.

29. Defendant violated 15 U.S.C. § 1692c(b) by communicating, in connection with the collection with a debt, with a third party, notably the plaintiff's sister, without the prior consent of the plaintiff or the express permission of a court of competent jurisdiction

30. Defendant is thus liable to the plaintiff for statutory and actual damages in an amount to be determined by the trier of fact, as well as the plaintiff's reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k.

**SECOND CAUSE OF ACTION**
VIOLATION OF THE TCPA

31. The plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

32. "Willfully" and "knowingly" under the TCPA means that respondent acted voluntarily, and under its own free will, regardless of whether respondent knew that it was acting in violation of the statute. <u>Sengenberger v. Credit Control Servs.</u>, 2010 U.S. Dist. LEXIS 43874, *16-17 (N.D. Ill. May 5, 2010); see also, e.g., <u>Bridgeview Health Care Ctr. Ltd. v. Clark</u>, No. 09-C-5601, 2013 U.S. Dist. LEXIS 37310 (N.D. Ill. Mar. 19, 2013); <u>Stewart v. Regent Asset Mgmt.</u>

Solutions, No. 10-CV-2552, 2011 U.S. Dist. LEXIS 50046 (N.D. Ga. May 4, 2011); Davis v. Diversified Consultants Inc., 36 F. Supp. 3d 217, 226 (D. Mass. 2014).

33. Defendant called plaintiff's cellular telephone using an ATDS on multiple occasions without plaintiff's prior express consent.

34. Defendant called plaintiff's cellular telephone on multiple occasions using an artificial or prerecorded voice without plaintiff's prior express consent.

35. The foregoing acts of Defendant constitute numerous multiple negligent and/or willful and/or knowing violations of the TCPA.

36. As a result of Defendant's negligent and/or willful and and/or knowing violations of the TCPA, Defendant is thus liable to the plaintiff for statutory damages of $500 to $1,500 for each call, pursuant to 47 U.S.C. § 227(b)(3).

**THE PLAINTIFF DEMANDS A JURY TRIAL ON ALL CAUSES OF ACTION ASSERTED HEREIN.**

Dated: March 22, 2016             Respectfully submitted,

                                               Sameer S. Birring
                                               MALLON CONSUMER LAW GROUP PLLC
                                               One Liberty Plaza,
                                               165 Broadway, Suite 2301
                                               New York, NY 10006
                                               (646) 759-3662
                                               sbirring@crediterrorlawyers.com